UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0994-GW (DTB) | Date | August 5, 2015 |
|---|---|---|---|
| Title | *John Doe, et al. v. Lockheed Martin* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE**

John Doe and Jane Doe (collectively, "Plaintiffs") sue Lockheed Martin ("Defendant") for negligence, gross negligence, intentional infliction of emotional distress, assault, battery, trespass to real property, trespass to chattels, and strict liability for ultra-hazardous activities, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See* Compl. ¶ 1, Docket No. 1.

First, as the party asserting jurisdiction, Plaintiffs have the burden of establishing that subject matter jurisdiction exists before this matter proceeds further.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).  Plaintiffs' jurisdictional allegations are presently insufficient.

Plaintiffs state that they are both *residents* of California.  *See* Compl. ¶¶ 3-4.  For diversity purposes, a person is a "citizen" of the state in which he or she is *domiciled*.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A person's domicile is the place he or she physically resides with intent to make it a fixed and permanent home, while residence means living in a particular locality.  *Id*.  Also, Plaintiffs allege that Defendant is a "company based in Bethesda, Maryland, [that] has major operations in California and throughout the world."  Compl. ¶ 5.  Plaintiffs must state what type of entity Defendant is and allege its citizenship accordingly.  For instance, if Defendant is a corporation, Plaintiffs must state so and state Defendant's place of incorporation and principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

Thus, Plaintiff is hereby ordered to show cause, in writing by noon on August 11, 2015, as to

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0994-GW (DTB) | Date | August 5, 2015 |
|---|---|---|---|
| Title | *John Doe, et al. v. Lockheed Martin* | | |

why this action should not be dismissed for lack of subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same). Failure to cure the jurisdictional deficiencies will result in dismissal.

　　Second, Defendant's motion to dismiss, Docket No. 14, does not indicate that counsel conferred pursuant to Local Rule 7-3 prior to the filing of the motion. Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution . . . at least seven (7) days prior to the filing of the motion." C.D. Cal. L.R. 7-3. Assuming that Plaintiffs timely cure the present jurisdictional deficiencies, Defendant is hereby ordered to show cause, in writing by noon on August 16, 2015, as to whether counsel conferred pursuant to Local Rule 7-3 prior to the filing of the motion. Defendant's motion now set for August 13 is hereby taken off calendar pending such a showing.

　　Third, Plaintiffs failed to file a response to Defendant's motion. Local Rule 7-9 requires that parties against whom a motion is filed either file an opposition or a written statement of non-opposition no later than twenty-one days before the designated hearing date for the motion. C.D. Cal. L.R. 7-9. Courts in this district may, and frequently do, grant unopposed motions where a timely opposition is not filed. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *see Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a litigant's failure to oppose as consent to granting the motion). Plaintiffs' Opposition was due on July 23, 2015. *See* C.D. Cal. L.R. 7-9. Assuming that Plaintiffs timely cure the present jurisdictional deficiencies, Plaintiffs are hereby ordered to show cause, in writing by noon on August 17, 2015, (1) explaining their failure to timely respond to Defendant's motion and (2) either responding or indicating their non-opposition to Defendant's motion.

　　The Court sets a status conference for August 20 at 8:30 a.m. to cover the issues set forth herein and further orders the Court Clerk promptly to serve this order on all parties who have appeared in the action.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：

　　　　　　　　　　　　　　　　　　Initials of Preparer　　JG